# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| MIKAYLA WHITFIELD, | * | |
| | * | No. 19-559V |
| | * | Special Master Christian J. Moran |
| Petitioner, | * | |
| v. | * | |
| | * | Filed: February 12, 2021 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Meningococcal vaccine; |
| | * | headaches; skin lesions/abscess; |
| Respondent. | * | fallopian tube inflammation; |
| | * | tumor. |
| | * | |

* * * * * * * * * * * * * * * * * * * *

Mikayla Whitfield, Atlanta, GA, pro se;
Sarah C. Duncan, United States Dep't of Justice, Washington, DC, for respondent.

**UNPUBLISHED DECISION DENYING COMPENSATION**[1]

     Mikayla Whitfield, who is representing herself, claims that the meningococcal vaccine she received on April 29, 2016, caused her to suffer "reoccurring skin abscess, and a rare skin cancer cell, severe persistent headache, unidentified fallopian tube reoccurring mass/tumors." Pet. at 1. Ms. Whitfield amended her petition on September 20, 2019, to include "severe headaches that keep recurring, multiple skin problems including skin abscess and skin lesions, and unidentified fallopian tube inflammation" among her alleged injuries. Am. Pet. at

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material before posting the decision.

1.  She seeks compensation through the National Childhood Vaccine Compensation Program. 42 U.S.C. § 300aa–10 through 33 (2012). The Secretary has opposed the award of compensation. On November 2, 2020, the undersigned issued an order for Ms. Whitfield to show cause why her case should not be dismissed. Ms. Whitfield then filed her response on November 5, 2020. Because Ms. Whitfield has failed to show evidence of causation, her petition is dismissed.

**I.    Background**

Ms. Whitfield filed her petition on April 15, 2019. She alleged that the meningococcal vaccine she received on April 29, 2016, caused her to suffer "reoccurring skin abscess, and a rare skin cancer cell, severe persistent headache, unidentified fallopian tube reoccurring mass/tumors." Pet. at 1. Ms. Whitfield then amended her petition on September 20, 2019, to include "severe headaches that keep recurring, multiple skin problems including skin abscess and skin lesions, and unidentified fallopian tube inflammation" among her alleged injuries. Am. Pet. at 1. Along with her petition, Ms. Whitfield filed medical records, including vaccination records. Her immunization records confirm her receipt of the meningococcal vaccine on the date contained in her petition. Exhibit 2. The other medical records filed along with her petition and her amended petition the treatment for her various conditions, including her skin conditions, recurring headaches, and fallopian tube inflammation.

After Ms. Whitfield filed additional requested medical records on January 16, 2020, and February 27, 2020, the record was determined to be complete. Respondent filed his Rule 4(c) report on April 20, 2020. In this report, respondent noted that Ms. Whitfield appears to allege that the meningococcal vaccine significantly aggravated her headaches and/or skin problems. Resp't's Rep. at 12. Respondent contested entitlement based on Ms. Whitfield's: (1) failure to provide expert testimony regarding a reputable medical theory connecting the meningococcal vaccine to her alleged injuries; (2) lack of evidence concerning a worsening of her headaches following vaccination; (3) failure to present evidence regarding a medically acceptable time frame; and (4) potential alternative causes that have thus far been ignored. Resp't's Rep. at 12-14.

A status conference was then held on May 7, 2020, to discuss respondent's report and the resulting order required Ms. Whitfield to file an expert report by July 6, 2020. Order, filed May 7, 2020. This deadline was eventually extended to October 23, 2020. Order, filed July 24, 2020.

On September 21, 2020, Ms. Whitfield filed two documents titled expert reports from Dr. Lorenza A. Simmons and Dr. Alan Cu Chiam. Exhibits 47-48. The document represented as an expert report from Dr. Simmons appears to be a photograph of an email sent from Dr. Simmons stating in relevant part that "[Ms. Whitfield] was found to have a large 10 cm right paratubal cyst intraoperatively . . . The patient preoperative diagnosis was hydrosalpix due to possible PID." Exhibit 47. The document represented as an expert report from Dr. Chiam appears to be a photograph of a letter from Dr. Chiam stating that "On 3/28/2019, [Ms. Whitfield] presented with hyperpigmentation on the right side of her abdomen. In my opinion, this is unlikely to be fungal in etiology." Exhibit 48. Ms. Whitfield also filed an affidavit on September 21, 2020, summarizing this correspondence from Dr. Simmons and Dr. Chiam. She further states "it has been medically stated in a medical opinion that I have infertility [n]ot caused by PID . . . But rather it is determined that the state of origin to have caused my infertility is not yet known in the medical field." Pet'r's 5th Aff. ¶ 11. Ms. Whitfield goes on to state that her skin rashes are also of unknown etiology. Id.

After reviewing these submissions, the undersigned determined that they did not meaningfully advance petitioner's case primarily because they did not provide evidence to support that the meningococcal vaccine caused Ms. Whitfield's alleged injuries. Therefore, the undersigned issued an order directing Ms. Whitfield to show cause why her case should not be dismissed on November 2, 2020. Order to Show Cause, issued Nov. 2, 2020, CM/ECF No. 49. In response, Ms. Whitfield submitted an affidavit referring to her medical records submissions from Dr. Simmons and Dr. Chiam and maintaining her allegation of vaccine causation and the elimination of various alternative explanations for her conditions. Pet'r's Resp., filed Nov. 5, 2020, CM/ECF No. 50. Ms. Whitfield also attached her immunization record to this response.

After considering the evidence, the undersigned finds that Ms. Whitfield has not met her burden of proof. This is based primarily on a lack of evidence specifically showing a causal link between his vaccinations and any of her conditions.

## II.   Standards for Adjudication

A petitioner is required to establish her case by a preponderance of the evidence. 42 U.S.C. § 300aa–13(1)(a). The preponderance of the evidence standard requires a "trier of fact to believe that the existence of a fact is more probable than its nonexistence before [he] may find in favor of the party who has the burden to persuade the judge of the fact's existence." Moberly v. Sec'y of

3

Health & Human Servs., 592 F.3d 1315, 1322 n.2 (Fed. Cir. 2010) (citations omitted).  Proof of medical certainty is not required.  Bunting v. Sec'y of Health & Human Servs., 931 F.2d 867, 873 (Fed. Cir. 1991).

Distinguishing between "preponderant evidence" and "medical certainty" is important because a special master should not impose an evidentiary burden that is too high.  Andreu v. Sec'y of Health & Human Servs., 569 F.3d 1367, 1379-80 (Fed. Cir. 2009) (reversing special master's decision that petitioners were not entitled to compensation); see also Lampe v. Sec'y of Health & Human Servs., 219 F.3d 1357 (Fed. Cir. 2000); Hodges v. Sec'y of Health & Human Servs., 9 F.3d 958, 961 (Fed. Cir. 1993) (disagreeing with dissenting judge's contention that the special master confused preponderance of the evidence with medical certainty).

To establish causation, petitioners bear a burden "to show by preponderant evidence that the vaccination brought about [the vaccinee's] injury by providing: (1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury."  Althen v. Sec'y of Health & Human Servs., 418 F.3d 1274, 1278 (Fed. Cir. 2005).

Furthermore, a special master may not find entitlement based on a petitioner's claim alone, without medical or expert opinion evidence supporting causation.  42 U.S.C. § 300aa-13(a) (preventing special masters from awarding compensation "based on the claims of petitioner alone, unsubstantiated by medical records or medical opinion"); Shyface v. Sec'y of Health & Human Servs., 165 F.3d 1344, 1349 (Fed. Cir. 1999); Carter v. Sec'y of Health & Human Servs., No. 04-1500V, 2007 WL 415185, at *21 (Fed. Cl. Spec. Mstr. Jan. 19, 2007).

### III.   Analysis

Here, while Ms. Whitfield has provided medical records that may prove diagnoses for her conditions, she has not presented any evidence linking her conditions to the vaccination, other than her individual assessment.  In her response to the order to show cause, which specifically highlighted the lack of proof of causation in her submissions that she deemed "expert reports," Ms. Whitfield reiterated her position that, through a "process of elimination" of other potential causes for her conditions, she has come to the conclusion that her conditions were caused by the meningococcal vaccine.  See Pet'r's Resp. at 1-3.  She also points to her submissions from Dr. Simmons and Dr. Chiam as expert opinion evidence supporting causation.  However, as stated in the order to show

cause, these submissions appear to be confirmations of Ms. Whitfield's conditions for which these doctors were treating her.  They did not provide any opinion as to a causal link between the vaccination and these conditions.  The attachments to petitioner's response also fail to shed any light on the question of causation.

Because, Ms. Whitfield has not presented any evidence of a causal connection between her vaccination and alleged injuries, other than her bare assertions and personal conclusions drawn from the medical records, the undersigned finds that petitioner has not met her burden.

### IV.    **Conclusion**

Ms. Whitfield has not presented persuasive evidence to establish that the meningococcal vaccine was the cause-in-fact of any of her conditions contained in the medical records.  Therefore, the undersigned finds that Ms. Whitfield has not met her burden to show entitlement to compensation.

The Clerk's Office is instructed to issue judgment in accord with this decision if a motion for review is not filed.

IT IS SO ORDERED.

> s/Christian J. Moran
> Christian J. Moran
> Special Master